[891 NYS2d 907]

In the Matter of NORA S. MARKMAN (Admitted as NORA SUSANA MARKMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Nora S. Markman*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Pro se respondent Nora S. Markman was admitted to the practice of law in New York State by the First Judicial Department on September 19, 1991 under the name Nora Susana Markman. At all times relevant to this proceeding, respondent maintained a law office within this Department. According to respondent and the Disciplinary Committee, respondent has resided in Argentina since 2008, and currently does not maintain a law office in New York.

The Committee seeks an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation and striking respondent's name from the roll of attorneys. Respondent's affidavit of resignation complies with 22 NYCRR 603.11 (a) (1)-(3) in that she states: (1) her resignation is rendered freely, voluntarily, without coercion or duress and that she is fully aware of the implications of submitting her resignation, namely, that it is tantamount to disbarment; (2) she is aware of a pending investigation based upon allegations made against her by seven former clients; and (3) she acknowledges that if charges were predicated upon the misconduct under investigation by the Committee, she could not successfully defend herself.

Respondent states that she neglected immigration matters of the aforementioned seven clients, and failed to return either their files or unearned fees. She admits that she abandoned her law practice in October 2006, failed to advise any of her clients that she would no longer represent them and failed to return files to them. Both her affidavit and the Committee's affirmation do not address what steps, if any, respondent took to either return her clients' files or the unearned fees.

The Committee's Chief Counsel has reviewed respondent's affidavit, found it in compliance with section 603.11, and recommends its acceptance by this Court (*see also* 22 NYCRR 605.10 [a]). While respondent's affidavit fully complies with the requirement of section 603.11, this matter does not involve a respondent who simply neglected client matters. Rather, respondent here left the country and the papers give no indication that she returned the files to her immigration clients (which possibly contained original documents), or the fees they paid for work she did not perform.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and respondent's name be

stricken from the roll of attorneys effective August 3, 2009. Additionally, a receiver should be appointed to inventory and oversee, if necessary, the disposition of respondent's client files.

FRIEDMAN, J.P., McGUIRE, MOSKOWITZ, ANDRIAS and DE-GRASSE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 3, 2009. Receiver appointed, as indicated.